## JONES *v.* LEMOND, COMMANDING OFFICER, ET AL.

Decided September 15, 1969

See: 18 U. S. C. M. A. 513, 40 C. M. R. 225.

*Donald A. Jelinek* on the application.

MR. JUSTICE DOUGLAS, Circuit Justice.

Applicant, who has been convicted by the military authorities for unauthorized absence, brought suit in the District Court for release by habeas corpus and for other ancillary relief. He apparently has exhausted all military administrative remedies, the Court of Military Appeals having denied him any relief.

His conflict with the Navy arose out of his desire to be discharged as a conscientious objector, a status he claims to have acquired some five months after his enlistment. Department of Defense Directive 1300.6, August 21, 1962, revised May 10, 1968, provides for processing such applications and states that pending decision on the application and "to the extent practicable," the applicant "will be employed in duties which involve the minimum conflict with his asserted beliefs."

According to the allegations, applicant made repeated attempts for 37 days to file and process his application

for discharge as a conscientious objector and, if the allegations are sustained, was unable either to make a filing or obtain a hearing. He thereupon left his place of duty without authorization, thereafter surrendering himself. Once again, if his allegations are believed, he was unable to make a filing or obtain a hearing on his request for discharge as a conscientious objector. He thereupon escaped from Navy custody to obtain legal counsel who surrendered him to Navy authorities while the conscientious objector application is pending.

The basic question of law is whether improper processing of an application for discharge as a conscientious objector is a defense to court-martial proceedings.

The question will in time be decided by the Court of Appeals or by the Supreme Court as applicant has appealed from the dismissal of his petition by the District Court.

The issue tendered in this case—and in others before the Supreme Court—is that the matter of conscientious objection is of First Amendment dimensions whether based on religion, philosophy, or one's views of a particular "war" or armed conflict. Whether that view will obtain, no one as yet knows. But if it does, the question now tendered will be of great constitutional gravity.

I express no views on the merits. But I think a substantial question is presented. A stay of a broad and sweeping character has been denied by the Court of Appeals and I would concur but for one circumstance. Confinement of applicant to the brig is apparently contemplated; and, again, if his allegations are believed, sending him there may endanger his life in view of the cruel regime which obtains in that prison.

Accordingly I have decided to grant a stay directing respondents to confine applicant in the so-called "open restricted barracks" and restraining them from confining applicant in the brig, pending disposition of this appeal on the merits.